UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| ALMA GUIDRY | * | CIVIL ACTION NO. 07-1174 |
| VERSUS | * | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Defendant's Motion for Summary Judgment filed on September 28, 2007. [rec. doc. 5]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

### Background

On September 19, 2001, claimant, Alma Guidry ("Guidry"), was found to be disabled as of June 23, 2000. [rec. doc. 5, Exhibit 1]. On continuing disability review, she was found to no longer be disabled, and benefits ceased as of August 1, 2005. After a hearing before a Disability Hearing Officer, the Social Security Administration upheld the cessation of benefits on reconsideration.

Guidry then requested a hearing before an Administrative Law Judge. On November 21, 2006, the ALJ issued a decision affirming the cessation of benefits.

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

The same day, the Social Security Administration mailed a copy of the decision to Guidry. [rec. doc. 5-5, Declaration of Patrick J. Herbst, Court Case Preparation and Review Branch CCPRB-IV, Office of Disability Adjudication and Review, Social Security Administration, ¶ 4(a); Exhibit 1].  Claimant timely requested review of the decision by the Appeals Council.

On March 12, 2007, the Appeals Council denied the request for administrative review, and sent notice of its action by mail to Guidry, as well as her representative, Jo Ann Nixon, on the same day.  [rec. doc. 5-5, Declaration of Patrick J. Herbst, Court Case Preparation and Review Branch CCPRB-IV, Office of Disability Adjudication and Review, Social Security Administration, ¶ 4(a); Exhibit 1].  The notice stated that claimant had the right to file a civil action within sixty (60) from the date of receipt. Guidry never obtained, and her attorney never requested, an extension of time in which to file her civil action.  [rec. doc. 5-5, ¶ 3(b)].

On July 16, 2007, Guidry filed a Complaint with this Court seeking review of the denial of her application for disability benefits.  On September 28, 2007, the Government filed the instant motion for summary judgment on the ground that Guidry's complaint was untimely filed under 42 U.S.C. § 405(g).

## Legal Analysis

The Government argues that Guidry's action is barred because it was filed more than sixty (60) days after she received notice of the Appeals Council's denial of review.  42 U.S.C.A. § 405(g) provides, in pertinent part, as follows:

> (g) Judicial review
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.*

(emphasis added).

The Commissioner has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's notice of denial of request for review "is received by the individual." *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) (citing 20 C.F.R. § 422.210(c)).  The regulations also establish a rebuttable presumption that "the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.  There is one exception to this 60-day period; the Commissioner may extend the time upon a showing of good cause. *Id*.; *Triplett v. Heckler*, 767 F.2d 210, 214 (5th Cir. 1985).

Here, the Appeals Council mailed notice of denial of its request for review to Guidry on March 12, 2007.  However, she did not file her Complaint with this Court until July 16, 2007, which, even with the 5-day receipt of notice presumption, was over four months after the Appeals Council denied review.  The record is absent any indication that Guidry requested an extension of the deadline for filing.

The 60-day requirement is not jurisdictional, but rather constitutes a period of limitations.  *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Triplett*, 767 F.2d at 211. Congress has authorized the Commissioner to extend the 60-day limit where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."  *Bowen*, 476 U.S. at 480, 106 S.Ct. at 2030 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)).  Here, however, the equities for tolling the limitations period do not apply, as Guidry neither requested an extension for filing suit, nor has she responded to the Government's motion to dismiss this action on the basis that it was untimely filed.  Thus, this action is time-barred under § 405(g).

## Conclusion

For the reasons set forth above, the undersigned recommends that motion for summary judgment be **GRANTED**, and that plaintiff's claims be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED***

*SERVICES AUTOMOBILE ASSOCIATION***, 79 F.3D 1415 (5TH CIR. 1996).**

Signed November 30, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE